SEALED

# United States District Court

FILED

MAR 1 2 2015

CLERK, U.S. DISTRICT COURT
By _____
     Deputy

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

<u>NORTHERN</u> _____ DISTRICT OF _____ <u>TEXAS</u>

UNITED STATES OF AMERICA

V.                                          **COMPLAINT**

TROY D. SUDDARTH                    CASE NUMBER: 3-15-MJ- 151  BK

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.  Between in or about October 2012, the exact date unknown, and continuing up and through the present, in the Dallas Division of the Northern District of Texas, defendant, Troy D. Suddarth did,

> knowingly and intentionally conspire, confederate, and agree to manufacture and/or possess with the intent to distribute, Schedule III controlled substances, to wit, anabolic steroids (i.e., methasterone);  and did knowingly and intentionally conspire, confederate, and agree to conduct a financial transaction with the proceeds of specified unlawful activity, knowing that the property involved represents the proceeds of some form of illegal activity with the intent to promote the carrying on of specified unlawful activity or knowing that the transaction is designed to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity

in violation of Title 21, United States Code, Section(s) 846 and 18 U.S.C. 1956(h).

I further state that I am a Task Force Officer with Drug Enforcement Administration (DEA) and that this complaint is based on the following facts:

See attached Affidavit of Task Force Officer James Lasater which is incorporated and made a part hereof by reference.

Continued on the attached sheet and made a part hereof:    <u>XX</u> Yes    No

_____
Signature of Complainant
James Lasater
Task Force Officer, DEA

Sworn to before me and subscribed in my presence, on this 12th day of March 2015, in Dallas, Texas.

RENEE H. TOLIVER
<u>UNITED STATES MAGISTRATE JUDGE</u>
Name and Title of Judicial Officer          _____
                                            Signature of Judicial Officer

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Jim Lasater, being duly sworn, depose and state as follows:

1.      I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. §2510(7), that is, I am an officer of the United States who is authorized by law to conduct investigations of, and make arrests for, offenses enumerated in 18 U.S.C. §2516.

2.      I am currently employed with the Parker County Sheriff's Department assigned to the United States Drug Enforcement Administration (DEA) Tactical Diversion Squad since 2010. The Dallas Field Division's Tactical Diversion Squad is tasked to investigate the illicit diversion of pharmaceutical controlled substances and listed chemicals. As a DEA Task Force Officer, I am authorized to investigate crimes involving the Controlled Substances Act, 21 U.S.C. § 801 et seq.  In addition to my forty-two years of law enforcement service, my training includes participation in numerous in-service schools relating to the investigation of pharmaceuticals, pharmaceutical narcotics, and narcotic trafficking, including but not limited to, the investigation of the diversion of prescription drugs and listed chemicals over the Internet. I have conducted a variety of investigations into violations of the Controlled Substances Act, ranging from simple possession of narcotics to complex criminal conspiracies.  In addition, I have received both formal and informal training during my tenure with the DEA in computer related technologies and cyber-crime investigation.

3.      This affidavit sets forth facts and suggests reasonable inferences from those facts establishing that there is probable cause to believe that beginning in or about

**Affidavit in Support of Criminal Complaint - Page 1**

October 2012, the exact date unknown, and continuing up and through the present, in the Northern District of Texas and elsewhere, that Troy D. SUDDARTH and others both known and unknown to the United States, did knowingly and intentionally conspire, confederate, and agree to manufacture and/or possess with the intent to distribute, Schedule III controlled substances, to wit, anabolic steroids (i.e., methasterone), in violation of 21 U.S.C. § 846.

4.      In addition, this affidavit sets forth facts and suggests reasonable inferences from those facts establishing that there is probable cause to believe that beginning in or about October 2012, the exact date unknown, and continuing up and through the present, in the Northern District of Texas and elsewhere, that Troy D. SUDDARTH and others both known and unknown to the United States, did knowingly and intentionally conspire, confederate, and agree to conduct a financial transaction with the proceeds of specified unlawful activity, knowing that the property involved represents the proceeds of some form of illegal activity with the intent to promote the carrying on of specified unlawful activity or knowing that the transaction is designed to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity, in violation of 18 U.S.C. §1956(h).

5.      The information contained within this affidavit is based upon my training and experience, my personal knowledge and participation in this investigation, and information obtained from other law enforcement officers and/or agents involved in this investigation.   Your affiant also utilized the assistance of one Source of Information (SOI1) and a Confidential Source (CS1), both found to be reliable and credible during

**Affidavit in Support of Criminal Complaint - Page 2**

this investigation.    Since this affidavit is being submitted for the limited purpose of obtaining an arrest warrant, I have not included each and every fact known to me concerning this investigation.  I have set forth only those facts that I believe necessary to establish probable cause to support that a violation of 21 U.S.C. §841(a)(1) and §846 has been committed by Troy D. SUDDARTH.

## FACTS AND CIRCUMSTANCES

6.    The Drug Enforcement Administration has been investigating the activities of Troy Don SUDDARTH since October 2012.  SUDDARTH is the owner/franchisee of CITY BLENDS, a nutritional supplement shop located at 3518 Lakeview Parkway, in Rowlett, Texas located in Dallas County within the Northern District of Texas. SUDDARTH also owned a second nutritional supplement shop called LAST ROUND NUTRITION, which was located inside the Town East Mall in Mesquite, Texas, also in Dallas County within the Northern District of Texas.

7.    DEA initiated this investigation based upon a Source of Information (SOI1) that worked for SUDDARTH at LAST ROUND NUTRITION.  On October 1, 2012, Agents and Investigators with the Dallas Tactical Diversion Squad interviewed SOI1 at their office concerning his/her employment at LAST ROUND NUTRITION.

8.    According to SOI1, SUDDARTH has products manufactured and bottled containing anabolic steroids under the names "Biotest" and "Drostanol" and sells these products as "legitimate nutritional supplements" at his CITY BLENDS and LAST ROUND NUTRITION franchises in Rowlett and Mesquite, Texas.  SOI1 indicated that he/she saw these things during his/her employment with SUDDARTH.  SOI1 indicated

**Affidavit in Support of Criminal Complaint - Page 3**

that he/she was approached by an individual named "Jarrod" who also worked at LAST ROUND NUTRITION about selling particular products which contained steroids. According to SOI1, "Jarrod" who was later identified by Texas Workforce Records as Jarrod RODRIGUEZ, told him/her that he/she could earn extra commissions by pushing certain products that were manufactured by SUDDARTH and sold in his stores. SOI1 indicated that when he/she showed hesitance about becoming involved and asked additional questions, he/she was scolded by SUDDARTH and terminated because he/she "knew too much" about SUDDARTH's operations.

9.      On November 8, 2012, DEA Special Agents conducted two different undercover purchases at CITY BLENDS: one bottle of "Test fire" and one bottle of "Biotest" were purchased for $70 each.   Each bottle purchased contained 60 dosage units.   Laboratory analysis was conducted on both of these products by the DEA South Central Laboratory in Dallas, Texas. Both products were found to contain methasterone, a Schedule III anabolic steroid.   Nowhere on the bottle did the contents indicate that methasterone was present nor did the bottle possess the requisite "CIII" symbol as required by 21 U.S.C. §825(a) and (b) which make it unlawful to *[manufacture] and distribute a controlled substance in a commercial container unless such container [bears] a label containing an identifying symbol for such a substance in accordance with such regulations.*

10.      On May 15, 2013, February 18, 2014, and March 4, 2014, a DEA Special Agent reentered the CITY BLENDS store to conduct additional purchases of products believed to contain anabolic steroids.   Additional bottles labeled "Biotest" were again

**Affidavit in Support of Criminal Complaint - Page 4**

purchased by the agents and later were found to contain methasterone and/or dehydrochlormethyltestosterone, Schedule III controlled substances. Again, the container did not possess the requisite symbols required in 21 U.S.C. §825.

11.     On July 10, 2014, CS1 was sent into CITY BLENDS for the purpose of purchasing anabolic steroids and speaking to Troy SUDDARTH concerning his operations. CS1 made contact with SUDDARTH in the store and had a lengthy conversation during which CS1 was able to obtain the trust of SUDDARTH. This conversation was electronically recorded and monitored by agents. During the course of the conversation, SUDDARTH disclosed to CS1 that a friend named "Miguel" was responsible for manufacturing these products. SUDDARTH directed CS1 to several products on his shelf for purchase including "Dragon," "Growth Fire," and "Test Fire" and indicated that he has sold 5,000 bottles of the "Dragon" in the past year ($75 per bottle). SUDDARTH described the products to CS1 and stated, "…That, that Dragon is a lot like Dbol and it's got an estrogen blocker in it. That Growth Fire is a lot like Deca….Test Fire is just basically testosterone powder."

12.     Investigators know from this investigation that Troy D. SUDDARTH is in contact with an individual named Miguel ROJAS of Laredo, Texas. In March 2013, subscriber and telephone records from SUDDARTH's cellular phone (214-558-8807) were obtained via subpoena to Verizon Wireless. Investigators noted that this phone was in contact with 956-220-3151, a T-Mobil Wireless phone subscribed to Miguel A. ROJAS at 102 McPherson Drive, Laredo, Texas. ROJAS is well-known to the Drug Enforcement Administration. ROJAS is the owner of two nutritional supplement

**Affidavit in Support of Criminal Complaint - Page 5**

companies (PURA NUTRITION) and a gymnasium (OLYMPUS MUSCLE AND FITNESS) located in Laredo, Texas. ROJAS has been identified in numerous past DEA investigations as the source of supply for clandestinely manufactured steroids. Your Affiant reviewed the files of the Drug Enforcement Administration as well as files provided to him from the Federal Bureau of Investigation and discovered the following case history concerning Miguel ROJAS and Troy SUDDARTH.

a. On October 16, 2008, local authorities around Houma, LA arrested Derek CURTISS with 40 vials of steroids and 2 gallons of GHB. In CURTISS' phone was a contact for Miguel ROJAS. In March 2009, CURTISS was re-arrested by federal authorities based on an indictment from the Eastern District of Louisiana. During the course of an interview, CURTISS indicated that he was the source of supply of clandestinely manufactured steroids for Miguel ROJAS in Laredo, TX. CURTISS reportedly purchased bulk steroid powder from China for $3500 per kilogram and supplied ROJAS in Laredo, Texas.

b. Between August 25, 2009 and August 27, 2009, Laredo DEA/FBI facilitated meetings between FBI Special Agent Scott Payne acting in an undercover capacity as a retail distributor of anabolic steroids and Brandon ODOM, an employee of ROJAS' at PURA NUTRITION. During the course of meetings, ODOM explained that ROJAS was supplying steroids to several professional body builders. ODOM also detailed a scheme whereby ROJAS is the manufacturer of OLYMPUS INDUSTRIES products and that these supplements contain ingredients other than those listed on the label. ODOM stated that ROJAS was manufacturing a product called "DRAGON"

**Affidavit in Support of Criminal Complaint - Page 6**

which is supposed to give the user great gains in muscle mass. During the course of this undercover meet, ODOM supplied Agent Payne with two vials of anabolic steroids.

13.     From my training and experience, I know that when SUDDARTH says that "Dragon" is a lot like Dbol it is my belief that he is saying that the active ingredient is similar to Dianabol, an anabolic steroid known by the chemical name Methandrostenolone. From training and experience I also know that when SUDDARTH characterizes "Growth Fire" as being a lot like Deca, it is my belief that he is stating that the active ingredient in that product is similar to the anabolic steroid Deca Durabolin also known by the chemical name of Nandrolone. All three products were purchased by CS1 on July 10, 2014. The products labeled "Growth Fire" and "Test Fire" were tested by the DEA South Central Laboratory and found to contain methasterone. The product labeled "Dragon" is still pending analysis.

14.     On November 17, 2014, and on December 22, 2014, United States District Judge for the Northern District of Texas Sidney Fitzwater and Barbara M.G. Lynn, signed orders authorizing the interception of wire and electronic communications for separate 30 day periods on cellular phone number 214-558-8807, a phone subscribed to Dana WOOLLEY but utilized by Troy D. SUDDARTH. Investigators initiated the intercept of December 29, 2014 and terminated the intercept on January 27, 2015 as required by the Order. During the course of the intercept, numerous calls were intercepted that indicated SUDDARTH had both knowledge that he sold certain products in CITY BLENDS which contained anabolic steroids as well as the intent to distribute these items.

15. On January 10, 2015, agents intercepted a phone call between Troy D. SUDDARTH on 214-558-8807 and telephone number 214-608-8355 lasting 10 minutes and 14 seconds. Phone number 214-608-8355 is subscribed to Dana WOOLLEY but believed to be utilized by Troy SUDDARTH's father because SUDDARTH identifies the individual as "Dad." During the phone call, the caller asked if he (Troy SUDDARTH) has any kind of "growth hormone" or pills that are "kind of mild" so that you don't have to take shots. SUDDARTH replied by stating that he has a product that comes in a white bottle called "G-FACTOR" that "Miguel" makes and that it is "really a drug" but "sold as a supplement." SUDDARTH continued in the conversation by describing it as an "oral growth hormone." It should be noted that the possession and sale of growth hormone is 21 U.S.C. §333 pertaining to the possession or distribution of human growth hormone.

16. On January 25, 2015 at 12:09 p.m., SUDDARTH placed an additional call to 214-608-8355 and again spoke to an elderly male believed to be SUDDARTH's father. During the course of the phone call, SUDDARTH discussed providing both "growth hormone" and "testosterone" to the individual. SUDDARTH indicated that he is going to send "pro-hormones, testosterone pills" to the individual and identifies "Bio-Test" as "Drostanol" as such products. It should be noted that these are the very products purchased by Agents acting in an undercover capacity in SUDDARTH's store CITY BLENDS in Rowlett, Texas.

17. A financial investigation was also conducted pertaining to the monies obtained by Troy D. SUDDARTH, CITY BLENDS, Miguel A. ROJAS, and PURA NUTRITION. An analysis of those accounts was conducted and a number of financial

transactions were identified between Troy D. SUDDARTH and Miguel ROJAS and/or PURA NUTRITION from January 2010 to present which represent purchases of ROJAS' product by SUDDARTH and the laundering of those funds.

18.     IBC Account XXXXXX3903 shows over $56,700.00 in checks denoted from SUDDARTH (AMERICAN FITNESS WHOLESALERS) and/or CITY BLENDS companies as well as other companies for product, including Dragon and Test Fire, which was denoted on the check's memo lines.  As noted above, Test Fire contains anabolic steroids.

19.     In addition to these direct payments from SUDDARTH to ROJAS, investigators noted an abnormally large volume of cash deposits and withdrawals made into and from SUDDARTH's bank accounts.  From 2010 through present, investigators noted over $400,000.00 in cash deposits made into five different accounts under the control of Troy D. SUDDARTH and over $115,000.00 in cash withdrawals from these same accounts.

20.     Another account by Rojas (IBC Account XXXXXXX4879) showed over $189,000.00 in payments to Guillermo Ramos, Life Quest Nutraceuticals, and Human Tech for the purchase of product including Biotest.  As noted above, Biotest contains anabolic steroids.

[Remainder of Page Intentionally Left Blank]

## CONCLUSION

21.     Based upon the totality of the above described circumstances, law enforcement believes that Troy D. SUDDARTH knowingly possessed with the intent to distribute Schedule III controlled substances, to wit, anabolic steroids (i.e., methasterone) id knowingly and intentionally conspire, confederate, and agree to manufacture and/or possess with the intent to distribute, Schedule III controlled substances, to wit, anabolic steroids (i.e., methasterone), in violation of 21 U.S.C. § 846 and knowingly and intentionally conspired, confederated, and agreed to conduct a financial transaction with the proceeds of specified unlawful activity, knowing that the property involved represents the proceeds of some form of illegal activity with the intent to promote the carrying on of specified unlawful activity or knowing that the transaction is designed to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity, in violation of 18 U.S.C. §1956(h).

_____
James Lasater, Task Force Officer
Drug Enforcement Administration

Subscribed and sworn to before me this _____ day of March, 2015

_____
HON. RENEE H. TOLIVER
United States Magistrate Judge
Northern District of Texas

**Affidavit in Support of Criminal Complaint - Page 10**